IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-40278
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARCO ANTONIO AYALA-VASQUEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 5:06-CR-1379-ALL

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Marco Ayala-Vasquez appeals his sentence following his guilty plea conviction of illegal reentry after deportation in violation of 8 U.S.C. § 1326. At sentencing, the district court made a specific finding that Ayala-Vasquez's 1994 Cal-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ifornia conviction of possessing marihuana for the purpose of a sale was a drug trafficking offense for purposes of a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(I).

For the first time on appeal, Ayala-Vasquez argues that the district court erred in imposing the 16-level enhancement based on the California conviction. Because Ayala-Vasquez did not raise this issue in the district court, review is for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005).

It is undisputed that Ayala-Vasquez was convicted under CAL. HEALTH & SAFETY CODE § 11359, which states, "Every person who possesses for sale any marijuana, except as otherwise provided by law, shall be punished by imprisonment in the state prison." In United States v. Palacios-Quinonez, 431 F.3d 471, 473-76 (5th Cir. 2005), we held that an offense under CAL. HEALTH & SAFETY CODE § 11351 constituted a drug trafficking offense. Section 11351 provides, "Except as otherwise provided in this division, every person who possesses for sale or purchases for purposes of sale" certain controlled substances shall be punished by imprisonment. In Palacios-Quinonez, it was conceded that possession for sale was a drug trafficking offense. Palacios-Quinonez, 431 F.3d at 474. Our analysis there also equated "purchase for sale" with "possession with intent to distribute." Id. at 474-76. On appeal, Ayala-Vasquez has not shown that the district court plainly erred in finding that his prior conviction was a drug trafficking offense and in sentencing him accordingly.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Ayala-Vasquez challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. That argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

AFFIRMED.